### EZRA WILLIAMS V. THE STATE.

No. 10099.   Delivered October 5, 1927.

Rehearing denied January 11, 1928.

**1.—Accomplice to Theft—Evidence Held Sufficient.**

Where appellant was charged with being an accomplice to the theft of an automobile, and it was shown that he had directed his principal,

one M. J. Jarrott, to steal a Ford coupe, and that he would buy it from him, which it was shown was done by Jarrott, the evidence sufficiently supports the conviction.

### 2.—Same—Charge of Court—Held Correct.

It is specifically provided in the statute, and the court so told the jury in the charge in this case, that it is not necessary that the exact offense be committed by the one that the accomplice has aided, advised and encouraged, in order to make him guilty.

### 3.—Same—Argument of Counsel—Not Improper.

Where the appellant objected to the argument of the County Attorney and was sustained by the court, and the jury instructed not to consider same, there being nothing in said argument of an inflammatory character, no reversible error is presented.

ON REHEARING.

### 4.—Same—No Error Discovered.

The opinion on rehearing of the Jarrott case, No. 10108, this day decided, applies to appellant's motion for rehearing in this case, and same is overruled.

Appeal from the District Court of Montague County. Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction for being an accomplice to theft of an automobile, penalty two years in the penitentiary.

This case is a companion case to that of Jarrott v. State, No. 10108, this day handed down, and the same conclusions have been reached upon those questions as was reached in the Jarrott case.

*Chancellor & Bryan* of Bowie, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for being an accomplice to the crime of felony theft, punishment two years in the penitentiary.

Upon most of the legal questions involved in this case it is a companion case to that of Jarrott v. State, No. 10108, opinion this day handed down, and the same conclusion has been reached upon these questions as was reached in the Jarrott case.

No testimony was introduced on the trial on behalf of the appellant. The state's testimony shows without contradiction that when Voss and Jarrott reached the town of Bowie on the night of the taking of Officer Griffin's car, Voss drove the car first in one direction and then in another, according as he was

told so to drive by Jarrott, until the car was finally driven into a garage.  At this point Jarrott left the car, telling Voss that he was going to get his purchaser.  He returned presently with Williams, whose clothing and general appearances indicated that he had just gotten out of bed.  Williams examined the coupe carefully and offered Jarrott $100.00 for it, saying at the time that he had told Jarrott to get a 1925 coupe and that the one before him was a 1924 model.  Williams said he would not give Jarrott $150.00 for a 1924 model, because he had told him to bring a 1925 model.  This conversation is detailed by Voss and Griffin.  The parties were in the presence of the stolen car. They were discussing a prior agreement between them and prior directions given by this appellant to Jarrott.  Williams had in his pocket at the time about $160.00 in money, which was later observed by the witnesses.  We think these facts justified the jury in concluding appellant to have, prior to the time of the theft of the car, advised, aided and encouraged Jarrott in such theft.  It is specifically provided in the statute, and the court so told the jury in the charge in this case, that it is not necessary that the exact offense committed be the one that the accomplice has aided, advised and encouraged in order to make him guilty. There is some complaint of the argument made by the County Attorney to the jury.  When the argument was objected to, the court instructed the jury not to consider it.  We do not consider the argument as inflammatory, or as being of such character as to call for a reversal of this case.

Objection was made to testimony that while in custody, appellant was seen to deliver to his attorney about $160.00 in money. This was clearly admissible.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MARTIN, JUDGE.—What has been said in the disposition of appellant's motion for rehearing in the Jarrott case, No. 10108, this day overruled, applies also to appellant's motion for rehearing in this case, and to go into the questions raised by him in the present motion for rehearing would be useless repetition.

Appellant's motion for rehearing is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.